UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA KOEPLIN,<br><br>    Plaintiff,<br><br>    v.<br><br>ROBERT KLOTZ, et al.,<br><br>    Defendants. | Case No. 17-cv-01530-DMR<br><br>**ORDER ON PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' FIRST AMENDED COUNTERCLAIM**<br><br>Re: Dkt. No. 23 |

This case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. Plaintiff Linda Koeplin filed this suit against Defendants Bayside Solutions Long-Term Incentive & 401(k) Restoration Plan and Robert Klotz, an individual, asserting an ERISA claim for benefits. Defendants answered and counterclaimed against Koeplin. Koeplin now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Defendants' first amended counterclaim. [Docket No. 23.] This matter is appropriate for resolution without a hearing pursuant to Civil Local Rule 7-1(b). For the following reasons, Koeplin's motion is granted.

## I. BACKGROUND

In this action, Koeplin brings a single claim under ERISA for benefits she claims she is owed under the terms of the Bayside Solutions Long-Term Incentive & 401(k) Restoration Plan ("Bayside Plan" or "the Plan"). [Docket No. 15 (First Amended Complaint).] Defendants and counter-claimants Bayside Plan and Klotz make the following allegations in their first amended counterclaim, all of which are taken as true solely for purposes of Koeplin's motion to dismiss.[1]

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

[*See* Docket No. 18 (First Amended Counterclaim, "FACC").] Bayside Plan is an unfunded, nonqualified deferred compensation plan adopted and administered on behalf of Bayside Solutions, Inc. ("Bayside Solutions"), a California business. FACC ¶ 2. Participation in the Bayside Plan is limited to a "select group of management or highly compensated Employees." *Id*. at ¶ 8; Scott Decl., June 14, 2017, Ex. 1[1] (Nonqualified Supplemental Deferred Compensation Plan—Plan Document ("Plan Document") § 1.1. Bayside Solutions adopted the Bayside Plan and designated Klotz as the plan administrator in 2011. FACC ¶ 7. Defendants allege that Klotz is also a fiduciary of the Bayside Plan. *Id.* at ¶ 3.

The terms of the Bayside Plan include a forfeiture clause, whereby "'[p]articipants terminated from employment prior to becoming 100% vested will forfeit the forfeitable percentage of their Accounts as indicated in accordance with the vesting schedule selected' for employer contributions." *Id*. at ¶ 10; Scott Decl. Ex. 2 (Nonqualified Supplemental Deferred Compensation Plan Adoption Agreement ("Adoption Agreement") § 17. The provision also states that "'[p]articipants may also forfeit 100% of their . . . Employer Contribution Accounts" for "[m]isconduct (termination for Cause) . . . [a]s described under code of conduct in employee handbook." FACC ¶ 11; Adoption Agreement § 17. Defendants allege that because Bayside Solutions did not have an operative employee handbook definition of "misconduct" at relevant times, "Klotz was required to make factual determinations under the Bayside Plan as to circumstances of misconduct." FACC ¶ 11.

Koeplin was a Bayside Solutions employee from 2006 to 2016, holding the positions of Director of Accounting and Chief Financial Officer.[2] She had previously worked as an independent contractor for Bayside Solutions from 2001 to 2006. *Id*. at ¶ 12. Plaintiff enrolled in

---

[1] The court can consider Exhibits 1 and 2 to the Scott Declaration, the Nonqualified Supplemental Deferred Compensation Plan—Plan Document and Nonqualified Supplemental Deferred Compensation Plan Adoption Agreement, without converting the motion into a motion for summary judgment, as they are incorporated by reference into Defendants' amended counterclaim. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (court may consider "documents whose contents are alleged in a complaint and whose authenticity no party questions" in ruling on a Rule 12(b)(6) motion to dismiss).

[2] The FACC alleges that Koeplin was an employee until 2011, rather than 2016. FACC ¶ 12. This appears to be a typographical error.

the Bayside Plan in August 2011, and between 2011 and 2013, Bayside Solutions made total employer contributions of $125,000 to her Bayside Plan account. *Id*. at ¶¶ 12, 13.

In August 2016, Bayside Solutions terminated Koeplin's employment as Chief Financial Officer "for cause based on her misconduct and poor performance." *Id*. at ¶ 16. Defendants allege that following her termination, Bayside Solutions learned of other instances of "past misconduct and poor management that would have justified terminating her employment for cause." *Id*. at ¶¶ 16, 17. According to Defendants, Koeplin forfeited 100% of the $125,000 in employer contributions Bayside Solutions made on her behalf to the Bayside Plan "because she was terminated for cause, based on Klotz's determination of misconduct under the Bayside Plan." *Id*. at ¶¶ 18, 19. Defendants allege on information and belief that Koeplin has received some or all of those contributions, and that Koeplin has not reimbursed Bayside Solutions for any of the forfeited contributions that she has received since her termination. *Id*. at ¶¶ 13, 19.

Defendants' amended counterclaim is organized into four "counts," but they allege one claim for relief under 29 U.S.C. § 1132(a)(3). That provision authorizes a suit by a "participant, beneficiary, or fiduciary" to enforce the Bayside Plan's terms; specifically, Koeplin's forfeiture of 100% of the contributions made by Bayside Solutions on her behalf due to her termination for cause. They seek three forms of relief: declaratory judgment, equitable lien, and/or constructive trust. *Id*. at ¶¶ 22. Koeplin moves to dismiss the counterclaim pursuant to Rule 12(b)(6).

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc*., 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Courts evaluate motions to dismiss counterclaims brought pursuant to Federal Rule of Civil Procedure 12(b)(6) under the same standard as a motion to dismiss a complaint. *Swingless Golf Club Corp. v. Taylor*, 679 F. Supp. 2d 1060, 1066 (N.D. Cal. 2009).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. U.S. Bankr*. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987).

**III. DISCUSSION**

Defendants bring their counterclaim against Koeplin under 29 U.S.C. § 1132(a)(3). That provision of ERISA states the following:

> A civil action may be brought—
> . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3). Koeplin argues that the counterclaim must be dismissed because neither the Bayside Plan nor Klotz have standing to sue under this ERISA provision.

4

With respect to the Bayside Plan, Koeplin argues that it lacks standing to sue under section 1132(a)(3) because it is not a participant, beneficiary, or fiduciary of the plan. *See Local 159, 342, 343 & 444 v. Nor-Cal Plumbing, Inc.*, 185 F.3d 978, 983 (9th Cir. 1999) ("ERISA plans . . . are not fiduciaries entitled to sue under ERISA."). Defendants concede that the Bayside Plan lacks standing to assert the counterclaim. Opp'n 2 n.1.

As to Klotz, Defendants assert that he brings the counterclaim in his capacity as "administrator and fiduciary of the Bayside Plan pursuant to 29 U.S.C. [§] 1102(a)." FACC ¶ 3. Although not entirely clear, Klotz does not appear to argue that he has standing to pursue the counterclaim based on his undisputed status as the plan administrator. Such an argument would be meritless because ERISA does not authorize a plan administrator to bring a civil action to enforce ERISA. *See* 29 U.S.C. § 1132(a)(3) (enumerating parties entitled to seek relief). "ERISA does not provide anyone other than participants, beneficiaries, or fiduciaries with an express cause of action . . . A suit for similar relief by some other party does not 'arise under' § 1132." *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1265 (9th Cir. 1992) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27 (1983)).

Klotz does contend that he has standing to bring the counterclaim as a plan fiduciary. Koeplin counters that Klotz is not a plan fiduciary as a matter of law. To understand the parties' assertions, it is important to examine the nature of the plan at issue. The Bayside Plan is "an unfunded, nonqualified deferred compensation plan" for a "select group of management or highly compensated Employees." FACC ¶¶ 2, 8. Accordingly, it is what is commonly known as a "top hat" plan. ERISA defines a top hat plan as one "which is unfunded and is maintained by an employer primarily for the purpose of providing deferred compensation for a select group of management or highly compensated employees." *Gilliam v. Nevada Power Co.*, 488 F.3d 1189, 1192-93 (9th Cir. 2007) (quoting 29 U.S.C. §§ 1051(2), 1081(a)(3), 1101(a)(1)). This status is significant, because "top hat plans form a rare sub-species of ERISA plans, and Congress created a special regime to cover them." *Id.* at 1193 (quotation omitted). "ERISA exempts such plans 'from the fiduciary, funding, participation and vesting requirements applicable to other employee benefit plans.'" *Id.* (quoting *Duggan v. Hobbs*, 99 F.3d 307, 310 (9th Cir. 1996) (citing 29 U.S.C.

§ 1101(a)(1) (exemption from fiduciary responsibilities); *id*. § 1081(a)(3) (exemption from minimum funding standards); *id*. § 1051(2) (exemption from participation and vesting requirements)). "The origins of the top-hat provision lie in Congress's insight that high-echelon employees, unlike their rank-and-file counterparts, are capable of protecting their own pension interests." *Alexander v. Brigham & Women's Physicians Org., Inc.*, 513 F.3d 37, 43 (1st Cir. 2008) (citation omitted). Defendants do not dispute that the Bayside Plan is a top hat plan. *See* Opp'n 6-7.

Koeplin first attacks Defendants' allegation that Klotz "serves as . . . fiduciary of the Bayside Plan pursuant to 29 U.S.C. [§] 1102(a)." FACC ¶ 3. 29 U.S.C. § 1102(a) does not apply here. Section 1102(a) states that "[e]very employee benefit plan shall be established and maintained pursuant to a written instrument . . . [which] shall provide for one or more *named* fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." 29 U.S.C. § 1102(a)(1) (emphasis added). Neither the Plan Document nor the Adoption Agreement names a plan fiduciary. This is unsurprising, since the Bayside Plan is a top hat plan exempt from ERISA's fiduciary requirements. *See* 29 U.S.C. § 1101(a)(1) (exempting top hat plans from Part 4 of ERISA, which governs fiduciary requirements). Defendants do not address this alleged basis for fiduciary status in their opposition nor do they explain how it applies here.

Koeplin next argues that Klotz is not a fiduciary of the Bayside Plan as a matter of law, because it is a top hat plan that is exempt from ERISA's fiduciary requirements. Top hat plan administrators are "exempt from the fiduciary duties ERISA imposes on plan administrators and . . . cannot be held personally liable for their breach." *Duggan*, 99 F.3d at 310; *see also Goldstein v. Johnson & Johnson*, 251 F.3d 433, 443 (3d Cir. 2001) ("a top hat administrator has no fiduciary responsibilities"). According to Koeplin, "[a]n employer cannot design a pension plan to be a top hat plan in order to exempt it from the protective provisions of ERISA, including fiduciary obligations, but then turn around and assert that the administrator is a fiduciary in order to sue a participant" under 29 U.S.C. § 1132(a)(3). Mot. 7. She asserts that "either a plan qualifies as a top hat plan and is exempt from ERISA's fiduciary provisions, or it does not qualify as a top hat

6

plan and is not exempt from the fiduciary provisions." *Id.* Essentially, Koeplin argues that since Klotz owes no fiduciary duties to the Bayside Plan's participants, he cannot sue a participant as a fiduciary.

In response, Defendants argue that Klotz is a fiduciary because he "exercises discretionary authority, control, or responsibility of plan management or administration," consistent with ERISA's definition of fiduciary in 29 U.S.C. § 1002(21)(A).[3] *See* FACC ¶ 7 (describing Klotz's discretionary authority with respect to the Bayside Plan). They argue that because Klotz exercised discretionary authority over the Bayside Plan, he satisfies ERISA's definition of a fiduciary and therefore has standing to bring an action for relief under ERISA.

Defendants' argument is not persuasive, since it requires the court to disregard ERISA's express exemption of top hat plans from its fiduciary responsibility provisions. Defendants do not identify any fiduciary obligations that Klotz owes the plan participants. They offer no explanation or authority to support their position that the court should treat a top hat plan administrator as a fiduciary despite the administrator's clear lack of fiduciary responsibility under such a plan. Notably, the Third Circuit in *Goldstein* considered and rejected the exact argument Defendants make here, finding that the statutory scheme prevented a claim that a plan administrator could also be a fiduciary because it allegedly satisfied ERISA's definition of a fiduciary:

> [W]e reject J & J's contention that, because ERISA's definitional section lists a "fiduciary" as one who exercises discretion in interpreting the terms of a plan, *see* 29 U.S.C. § 1002(21)(a), administrators of top hat plans are also fiduciaries. To begin with, ERISA explicitly states that top hat plans are not subject to the ERISA's fiduciary requirements. *See* 29 U.S.C. § 1101(a). Further, it is well established in the caselaw that there is no cause of action for breach of fiduciary duty involving a top hat plan. *See In re New Valley Corp.*, 89 F.3d at 153; *accord Demery v. Extebank Compensation Plan*, 216 F.3d 283, 290 (2d Cir. 2000) (dismissing ERISA claims for breach of fiduciary duty in a top hat plan on the ground that top hat administrators are not bound by fiduciary standards); *Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996)

---

[3] Section 1002 states in relevant part that "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A).

7

(same).

*Goldstein*, 251 F.3d at 443. At least one court in the Ninth Circuit has adopted the reasoning of *Goldstein* to conclude that "the absence of fiduciary responsibility with respect to top-hat plans means that administrators of those plans are not fiduciaries under ERISA." *Opus Bank v. Axis Ins. Co.*, No. SACV 15-01058-CJC(JCGx), 2015 WL 12656942, at *4-5 (C.D. Cal. Oct. 29, 2015). This court agrees with the reasoning of *Goldstein*, and declines to interpret ERISA as allowing a top hat plan administrator to avoid fiduciary status as a defendant, while at the same time permitting the administrator to claim fiduciary status in order to sue a plan participant. Klotz is not a fiduciary of the Bayside Plan and thus is not authorized to sue Koeplin under ERISA.

Defendants also claim in a footnote that Klotz has standing to sue as a participant in the Bayside Plan. Opp'n 7 n.2. Notwithstanding the fact that this theory is not pleaded in the amended counterclaim, Klotz lacks constitutional standing to bring a claim as a participant, because he does not allege that he has suffered any injury based on Koeplin's failure to reimburse forfeited benefits, or that a decision in his favor would redress any such injury. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to establish Article III standing, a plaintiff must establish injury-in-fact, causation, and a likelihood that a favorable decision will redress the plaintiff's alleged injury). The court has serious doubts as to whether Klotz could establish individual standing as a participant, but will permit leave to amend in light of the Ninth Circuit's instruction that such leave must be freely given. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).[4]

//
//
//
//
//
//

---

[4] Since the court finds that Defendants lack standing to bring the counterclaim against Koeplin, it need not reach Koeplin's remaining arguments in favor of dismissal.

8

## IV. CONCLUSION

For the foregoing reasons, Defendants' amended counterclaim is dismissed. **By September 15, 2017,** Klotz may file an amended counterclaim if he can allege sufficient facts to establish individual standing as a plan participant.

**IT IS SO ORDERED.**

Dated: September 5, 2017



Donna M. Ryu
United States Magistrate Judge